UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

DARRYL PETTEWAY,

                                 Docket No. 07 Civ. 11329(AKH)

             Plaintiffs,

       against-                  **ECF CASE**

THE CITY OF NEW YORK, a municipal      **COMPLAINT and**
entity; RAYMOND KELLY, New York        **DEMAND FOR JURY**
City Police Officer CLEMENTS,
and JOHN DOES 1-4, individually
and in their official capacities,
jointly and severally,

             Defendants.

----------------------------------X

### INTRODUCTION AND PRELIMINARY STATEMENT

1.   This is an action against the defendant parties, individually and collectively, for the violation of the plaintiffs' federally-guaranteed constitutional and civil rights and their rights as otherwise guaranteed under the laws and Constitution of the State of New York.

2.   This case arises out of the arrest of plaintiff on June 10, 2007 in the vicinity of 105th St. and First Ave., New York, New York.

3.   The plaintiff seeks monetary damages for the wrongful and false arrest and further wrongful detention and incarceration and for subjecting him to unnecessary and excessive and unreasonable force associated with the arrest and for subjecting the plaintiff to malicious prosecution, malicious abuse of criminal process, racial discrimination and retaliation for the exercise of protected

speech and otherwise, for the violation of the plaintiffs' federally-guaranteed constitutional and civil rights and for the violation of their rights as guaranteed under the laws and Constitution of the State of New York; and the plaintiff seeks whatever other relief is appropriate and necessary in order to serve the interests of justice and assure that their remedies are full and complete.

## JURISDICTION

4.    Jurisdiction of this court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343 (3) and (4) in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and he First, Fourth and Fourteenth Amendments to the United States Constitution.

5.    Jurisdiction is also invoked pursuant to 28 U.S.C. Section 1367, entitled Supplemental Pendant Party Jurisdiction. The plaintiff requests that the court exercise its power to invoke pendant claim and pendant party jurisdiction.

6.    The state law claims have a common nucleus of operative fact with the federally-based claims and they arise out of the same transaction and occurrence giving rise to the plaintiff's federally-based claims and causes of action.

7.    The plaintiff also invokes the jurisdiction of this court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, et seq., this being an action in which the plaintiff, while seeking monetary damages, also seeks declaratory and injunctive relief if such is deemed necessary and desirable and

in the interests of justice in order to provide the plaintiffs with a full and complete remedy for the violation of his civil rights.

## VENUE

8.    Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## PARTIES

### Plaintiff

9.    Plaintiff Darryl Petteway, an African American citizen, resides at 725 Southern Blvd., Bronx, New York.

### Defendants

10.  Defendant City of New York (the "City") is a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  The City assumes the risks incidental to the maintenance of a police force and the employment of police officers.

11.  Defendant Raymond Kelly is the current Police Commissioner for the City of New York.  At all times herein, Defendant Kelly was aware of all of the unconstitutional operations, customs and policies set forth herein, in particular those described in ¶ 3, above, and ¶¶ 15-16 and ¶¶ 60 - 68 below. He authorized, participated in, sanctioned, approved, encouraged and ratified those operations, customs and policies. He is responsible, in whole and/or in part, for the creation,

implementation, promulgation and enforcement of the policies, practices and/or customs complained of herein.    He is sued individually and in his official capacity.

12.    At all times herein, Defendant Clements, a white male, was a New York City police officer.

13.    At all times herein, Defendants John Doe 1 - 4 were New York City police officers.

14.      At all times relevant herein, Defendants City of New York, Kelly, Clements and Does 1 - 4 acted under color of state law in the course and scope of their duties and functions as agents, employees, and officers of the City and/or the NYPD in engaging in the conduct described herein.    At all times relevant herein, these defendants have acted for and on behalf of the City and/or the NYPD with the power and authority vested in them as officers, agents and employees of the City and/or the NYPD and incidental to the otherwise lawful pursuit of their duties as officers, employees and agents of the City and/or the NYPD.    They are sued in their individual and official capacities.

15.    At all times herein, each defendant herein acted pursuant to the customs and policies of the Defendant City of New York and the NYPD.

16.    At all times relevant herein, Defendants Kelly, Clements and Does 1 - 4 have violated clearly established constitutional standards under the First, Fourth and the  Fourteenth Amendments of which reasonable police superintendents, supervisors and officers, under the circumstances, would have been aware.

## FACTUAL ALLEGATIONS

17.  On June 10, 2007, at approximately 3 o'clock a.m., plaintiff was present at 105th St. and First Avenue when Defendant Clements began to arrest Gerrick Stone for a petty offense.

18.  When Plaintiff peacefully stated an objection to this arrest, Defendant Clement and Does 1 - 4 assaulted him, arrested him and took into custody.

19.  Following his release from the 23rd Precinct, Plaintiff sought and received treatment for his injuries, which included a bloody lip, cuts on face, knees and arms, and a facial knot, at Lincoln Hospital.

20.  Defendants wrongfully brought legal charges against Plaintiff and Plaintiff was forced to defend himself in court.

21.  On September 7, 2007, Plaintiff filed a Notice of Claim with the City of New York.

22.  On September 18, 2007, the criminal matter against Plaintiff was dismissed for failure to prosecute.

## FIRST CAUSE OF ACTION

23.  Plaintiff reiterates paragraphs 1 through 22 as if fully set forth herein.

24.  The plaintiff was arrested without probable cause and thereby subjected to false arrest in violation of his rights under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. section 1983.

25.  The plaintiff suffered injuries and damages.

## SECOND CAUSE OF ACTION

26.   The plaintiff reiterates paragraphs 1 through 25 as if fully set forth herein.

27.   The plaintiff was subjected to false arrest in violation of their rights under the laws and Constitution of the State of New York.

28.   The plaintiff suffered injuries and damages.

## THIRD CAUSE OF ACTION

29.   The plaintiff reiterates paragraphs 1 through 28 as if fully set forth herein.

30.   The plaintiff was subjected to unnecessary and excessive and unreasonable force in violation of his rights under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

31.   The plaintiff suffered injuries and damages.

## FOURTH CAUSE OF ACTION

32.   The plaintiff reiterates paragraphs 1 through 31 as if fully set forth herein.

33.   The plaintiff was assaulted and battered in violation of their rights under the laws and Constitution of the State of New York.

34.   The plaintiff suffered injuries and damages.

## FIFTH CAUSE OF ACTION

35.   The plaintiff reiterates paragraphs 1 through 34 as if fully set forth herein.

36.   The plaintiff was subjected to malicious prosecution in

violation of his rights under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

37.   The plaintiff suffered injuries and damages.

## SIXTH CAUSE OF ACTION

38.   The plaintiff reiterates paragraphs 1 through 37 as if fully set forth herein.

39.   The plaintiff was subjected to malicious prosecution in violation of his rights under the laws and the Constitution of the State of New York.

40.   The plaintiff suffered injuries and damages.

## SEVENTH CAUSE OF ACTION

41.   The plaintiff reiterates paragraphs 1 through 40 as if fully set forth herein.

42.   The plaintiff was subjected to the actions and conduct of the defendant parties for other than legitimate law-enforcement objectives and to achieve the defendants' collateral objectives: retaliation for and punishment of the reasonable exercise by the plaintiffs of their First Amendment protected speech activities.

43.   The plaintiff was subjected to malicious abuse of criminal process in violation of his rights under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

44.   The plaintiff suffered injuries and damages

## EIGHTH CAUSE OF ACTION

45.   The plaintiff reiterates paragraphs 1 through 44 as if

fully set forth herein.

46.   The plaintiff was subjected to malicious abuse of criminal process in violation of his rights under the laws and Constitution of the State of New York.

47.   The plaintiff suffered injuries and damages.

### NINTH CAUSE OF ACTION

48.   The plaintiff reiterates paragraphs 1 through 47 as if fully set forth herein.

49.   The actions and conduct of the defendant parties were taken against the plaintiff in retaliation for the plaintiff's reasonable exercise of his First Amendment protected speech in violation of the plaintiff's rights under the First Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

50.   The plaintiff suffered injuries and damages.

### TENTH CAUSE OF ACTION

51.   The plaintiff reiterates paragraphs 1 through 50 as if fully set forth herein.

52.   The actions and conduct of the defendant parties were taken against the plaintiffs in retaliation for the plaintiff's reasonable exercise of protected speech in violation of the plaintiff's rights under the laws and Constitution of the State of New York.

53.   The plaintiff suffered injuries and damages.

### ELEVENTH CAUSE OF ACTION

54.   The plaintiff reiterates paragraphs 1 through 53 as if

fully set forth herein.

55.    The actions and conduct of the defendant parties were racially discriminatory and violative of the plaintiff's rights under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

56.    The plaintiff suffered injuries and damages.

### TWELFTH CAUSE OF ACTION

57.    The plaintiff reiterates paragraphs 1 through 56 as if fully set forth herein.

58.    The actions and conduct of the defendant parties were racially discriminatory and violative of the plaintiff's rights under the laws and Constitution of the State of New York.

59.    The plaintiff suffered injuries and damages.

### THIRTEENTH CAUSE OF ACTION

60.    The plaintiff reiterates paragraphs 1 through 59 as if fully set forth herein.

61.    The actions and conduct of the law-enforcement agents herein were propelled by the quality of life, drug, and weapons crime offense enforcement initiatives of the City of New York, and by what is believed to be the pressure on police officers to generate arrest statistics, which cause New York City law-enforcement agents to cross constitutional boundaries in order to generate arrest statistics and prosecutions for criminal offenses regardless of probable cause for arrest, thereby making it appear to the public that said efforts are worth the investments including the cost of the arresting, detention, and incarceration of innocent

individuals.

62.    Furthermore, the conduct herein was propelled by the policy and practice of a code of silence practice within the Police Department, which practice has been sanctioned by the final policy makers of the City of New York and which practice caused these officers to engage in wrongful, unlawful, and unconstitutional conduct without fear of being reported and/or sanctioned for that conduct: thus to engage in such conduct.

63.    The crime enforcement offense initiatives are predicated on an "the ends justifies the means" philosophy.

64.    Furthermore, the defendants in this action, individually and in their official capacities, have implemented enforced, encouraged and sanctioned policies, practices and/or customs of refusing to allow the plaintiffs and persons similarly situated to express their opposition to unjustified or brutal police force without reprisal.  These policies, practices and/or customs are enforced through a series of methods and techniques employed by the defendants, including, but not limited to, the use of false arrests, false imprisonment, malicious prosecution, abuse of process and denial of due process.

65.    The defendant officers took no steps to intercede and to address what was obviously inappropriate and wrongful conduct on the part of wrongfully acting officers, of which, in whole or in part, said officers were aware or should have been aware. Furthermore, the defendant officers never reported any of the improper conduct, of which the defendant officers were aware or

should have been aware, to higher authorities.

66.   The policies and practices impact disproportionately on minority residents and citizens of the City of New York and on neighborhoods for disproportionate numbers of minority citizens reside.

67.   The policies, practices and customs herein violated the plaintiff's rights under the First, Fourth, And Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

68.   The plaintiff suffered injuries and damages.

### FOURTEENTH CAUSE OF ACTION

69.   The plaintiff reiterates paragraphs 1 through 68 as if fully set forth herein.

70.   The policies and practices and customs as described violated the rights of the plaintiff as guaranteed under the laws and Constitution of the State of New York.

71.   The plaintiff suffered injuries and damages.

### FIFTEENTH CAUSE OF ACTION

72.   The plaintiff reiterates paragraphs 1 through 71 as if fully set forth herein.

73.   Independent of the Monell claim and federal jurisdiction associated therewith, the City of New York is responsible, under State law, for the wrongful conduct of the officers pursuant to and under the doctrine of respondeat superior.

74.   The plaintiff suffered injuries and damages.

**PRAYER FOR RELIEF**

WHEREFORE, and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction herein and thereafter:

(a)    Assume pendent party and pendent claim jurisdiction;

(b)    Enter appropriate declaratory and injunctive relief;

(c)    Award appropriate compensatory and punitive damages in an amount to be defined and determined;

(d)    Award reasonable costs and attorneys' fees;

(e)    Award such other and further relief as the Court deems appropriate and just;

**JURY DEMAND**

Trial by jury is demanded on all issues for which a jury trial is available.

DATED:    December 17, 2007
          New York, New York

_____
JOHN UPTON (JU  9065)
70 Lafayette Street 7th Fl.
New York, New York 100013
(212) 233-9300