UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

DARRYL PETTEWAY,

                                      Plaintiff,

-against-

THE CITY OF NEW YORK, RAYMOND KELLY,
POLICE OFFICER CLEMENT, JOHN DOES 1-4,

                                     Defendants.

------------------------------------------------------------------ x

**ANSWER OF DEFENDANTS THE CITY OF NEW YORK, RAYMOND KELLY AND P.O. BRIAN CLEMENTS**

07-CV-11329 (AKH)

**JURY TRIAL DEMANDED**

        Defendants The City of New York, Raymond Kelly and P.O. Brian Clements, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to plaintiff's complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph 1 of the complaint, except admit that plaintiff purports to proceed in this action.

        2.     Deny the allegations set forth in paragraph 2 of the complaint, except admit that plaintiff purports to proceed in this action.

        3.     Deny the allegations set forth in paragraph 3 of the complaint, except admit that plaintiff purports to proceed in this action.

        4.     Deny the allegations set forth in paragraph 4 of the complaint, except admit that plaintiff purports to proceed in this action and invoke the jurisdiction of the Court as stated therein.

        5.     Deny the allegations set forth in paragraph 5 of the complaint, except admit that plaintiff purports to proceed in this action and invoke the jurisdiction of the Court as stated therein.

6. The allegations set forth in paragraph 6 of the complaint are legal conclusions to which no responses are required.

7. Deny the allegations set forth in paragraph 7 of the complaint, except admit that plaintiff purports to proceed in this action and invoke the jurisdiction of the Court as stated therein.

8. Admit that venue is proper in this District.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the complaint.

10. Admit that the City of New York is a municipality and that it maintains a police department. The remainder of the allegations set forth in paragraph 10 of the complaint are legal conclusions to which no responses are required.

11. Admit that Raymond Kelly is the current Police Commissioner but deny the remainder of the allegations in paragraph 11 of the complaint.

12. Admit the allegations set forth in paragraph 12 of the complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the complaint.

14. The allegations set forth in paragraph 14 of the complaint are legal conclusions to which no responses are required.

15. The allegations set forth in paragraph 15 of the complaint are legal conclusions to which no responses are required.

16. Deny the allegations set forth in paragraph 16 of the complaint.

17. Deny the allegations set forth in paragraph 17 of the complaint.

18. Deny the allegations set forth in paragraph 18 of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the complaint.

20. Deny the allegations set forth in paragraph 20 of the complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the complaint.

23. In response to the allegations set forth in paragraph 23 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

24. Deny the allegations set forth in paragraph 24 of the complaint.

25. Deny the allegations set forth in paragraph 25 of the complaint.

26. In response to the allegations set forth in paragraph 26 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

27. Deny the allegations set forth in paragraph 27 of the complaint.

28. Deny the allegations set forth in paragraph 28 of the complaint.

29. In response to the allegations set forth in paragraph 29 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

30. Deny the allegations set forth in paragraph 30 of the complaint.

31. Deny the allegations set forth in paragraph 31 of the complaint.

32. In response to the allegations set forth in paragraph 32 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

33. Deny the allegations set forth in paragraph 33 of the complaint.

34. Deny the allegations set forth in paragraph 34 of the complaint.

35. In response to the allegations set forth in paragraph 35 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

36. Deny the allegations set forth in paragraph 36 of the complaint.

37. Deny the allegations set forth in paragraph 37 of the complaint.

38. In response to the allegations set forth in paragraph 38 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

39. Deny the allegations set forth in paragraph 39 of the complaint.

40. Deny the allegations set forth in paragraph 40 of the complaint.

41. In response to the allegations set forth in paragraph 41 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

42. Deny the allegations set forth in paragraph 42 of the complaint.

43. Deny the allegations set forth in paragraph 43 of the complaint.

44. Deny the allegations set forth in paragraph 44 of the complaint.

45. In response to the allegations set forth in paragraph 45 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

46. Deny the allegations set forth in paragraph 46 of the complaint.

47. Deny the allegations set forth in paragraph 47 of the complaint.

48. In response to the allegations set forth in paragraph 48 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

49. Deny the allegations set forth in paragraph 49 of the complaint.

50. Deny the allegations set forth in paragraph 50 of the complaint.

51. In response to the allegations set forth in paragraph 51 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

52. Deny the allegations set forth in paragraph 52 of the complaint.

53. Deny the allegations set forth in paragraph 53 of the complaint.

54. In response to the allegations set forth in paragraph 54 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

55. Deny the allegations set forth in paragraph 55 of the complaint.

56. Deny the allegations set forth in paragraph 56 of the complaint.

57. In response to the allegations set forth in paragraph 57 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

58. Deny the allegations set forth in paragraph 58 of the complaint.

59. Deny the allegations set forth in paragraph 59 of the complaint.

60. In response to the allegations set forth in paragraph 60 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

61. Deny the allegations set forth in paragraph 61 of the complaint.

62. Deny the allegations set forth in paragraph 62 of the complaint.

63. Deny the allegations set forth in paragraph 63 of the complaint.

64. Deny the allegations set forth in paragraph 64 of the complaint.

65. Deny the allegations set forth in paragraph 65 of the complaint.

66. Deny the allegations set forth in paragraph 66 of the complaint.

67. Deny the allegations set forth in paragraph 67 of the complaint.

68. Deny the allegations set forth in paragraph 68 of the complaint.

69. In response to the allegations set forth in paragraph 69 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

70. Deny the allegations set forth in paragraph 70 of the complaint.

71. Deny the allegations set forth in paragraph 71 of the complaint.

72. In response to the allegations set forth in paragraph 72 of the complaint, defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

73. Deny the allegations set forth in paragraph 73 of the complaint.

74. Deny the allegations set forth in paragraph 74 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

75. The complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

76. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision, nor have defendants violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

77. Defendants Kelly and Clements are protected by the doctrine of qualified immunity.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

78. There was probable cause for plaintiff's arrest and detention.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

79. Plaintiff's claims are barred, in whole or in part, by his failure to comply with the conditions precedent to suit.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

80. Any injury alleged to be sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendants.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

81. At all times relevant to the acts alleged in the complaint, the duties and functions of defendant City's officials entailed the reasonable exercise of proper and lawful discretion and defendant City is, therefore, entitled to governmental immunity from liability.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

82. At all times relevant to the acts alleged in the complaint, defendants Kelly and Clements acted reasonably in the proper and lawful exercise of their discretion.

WHEREFORE, defendants City of New York, Raymond Kelly and P.O Brian Clements respectfully request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper. .

Dated:      New York, New York
            March 6, 2008

                                    MICHAEL A. CARDOZO
                                    Corporation Counsel of the
                                      City of New York
                                    *Attorney for Defendants*
                                    100 Church Street
                                    New York, New York 10007
                                    (212) 442-8248

                            By:     _____/s/_____
                                    MARK D. ZUCKERMAN

TO:   JOHN WARE UPTON
      *Attorney for Plaintiff*
      70 Lafayette St. 7th Floor
      New York, New York 10013
      (212) 233-9300